1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  DARNELL J. YATES, JR.,                 )        No. C 11-05778 EJD (PR)
                                            )
12        Plaintiff,                        )        ORDER OF DISMISSAL
                                            )
13   v.                                     )
                                            )
14  CA DEPT. OF CORRECTIONS, et al.,        )
                                            )
15        Defendants.                       )
                                            )
16  _____ )
17

18        Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint

19  pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff states that he did not pursue the

20  final level of review.  (Compl. at 2.)  Consequently, this case is DISMISSED without

21  prejudice for failure to exhaust administrative remedies.

22

23                                  **DISCUSSION**

24        The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321

25  (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions

26  under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail,

27  prison, or other correctional facility until such administrative remedies as are available

28  are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the

1   discretion of the district court.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006).  Exhaustion is

2   a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve

3   general conditions or particular episodes, whether they allege excessive force or some

4   other wrong, and even if they seek relief not available in grievance proceedings, such as

5   money damages.  <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).  All available remedies

6   must be exhausted; those remedies "need not meet federal standards, nor must they be

7   'plain, speedy, and effective.'" <u>Id.</u> (citation omitted).  Even when the prisoner seeks relief

8   not available in grievance proceedings, notably money damages, exhaustion is a

9   prerequisite to suit.  <u>Id.</u>; <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  Prisoners cannot

10  avoid the administrative exhaustion requirement by requesting relief not available in the

11  appeals system, such as monetary relief, or by simply declaring the process futile.  The

12  exhaustion requirement requires "proper exhaustion" of all available administrative

13  remedies.  <u>Ngo</u>, 548 U.S. at 93.

14      The State of California provides its prisoners and parolees the right to appeal

15  administratively "any departmental decision, action, condition or policy perceived by

16  those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, §

17  3084.1(a).  In order to exhaust available administrative remedies within this system, a

18  prisoner must proceed through several levels of appeal: (1) informal review, (2) first

19  formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal

20  to the institution head or designee, and (4) third formal level appeal to the Director of the

21  California Department of Corrections and Rehabilitation.  <u>Barry v Ratelle</u>, 985 F. Supp

22  1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision

23  from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).

24  <u>See id.</u> at 1237-38.

25      Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may

26  be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of

27  the complaint and/or any attached exhibits.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20

28  (9th Cir. 2003).  The Court may dismiss a complaint for failure to exhaust where the

1  prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at

2  1120.

3       Here, Plaintiff concedes in his complaint that he did not pursue the third and final

4  level of review "because I feel that the remedies that [I'm] seeking will not be obtained."

5  (Compl. at 2.)  However, futility is not an exception to exhaustion to excuse Plaintiff from

6  the PLRA's requirement of "proper exhaustion" under Ngo: "Proper exhaustion demands

7  compliance with an agency's deadlines and other critical procedural rules because no

8  adjudicative system can function effectively without imposing some orderly structure on

9  the course of its proceedings."  548 U.S. at 90-91 (footnote omitted).  As it is clear from

10 the complaint that Plaintiff has not "properly exhausted" his claims by pursuing all levels

11 of administrative review available to him, and there is no applicable exception to the

12 exhaustion requirement, dismissal without prejudice is appropriate.

13

14                              **CONCLUSION**

15       For the foregoing reasons, this action is hereby DISMISSED, without prejudice to

16 Plaintiff's refiling his claim after all available administrative remedies have been

17 exhausted.

18

19 DATED: _____3/30/2012_____     _____

20                                          EDWARD J. DAVILA
                                            United States District Judge
21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DARNELL J. YATES, JR.,

       Plaintiff,

  v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.

_____/

Case Number: CV11-05778 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____3/30/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darnell J. Yates AG8165
P. O. Box 2400
Susanville, CA 96127

Dated: _____3/30/2012_____

                         Richard W. Wieking, Clerk
                         By: Elizabeth Garcia, Deputy Clerk